

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 9, 1975

The Honorable Wilson E. Speir                     Opinion No. H- 577
Director
Texas Department of Public Safety                 Re: Whether possession of
5805 N. Lamar Boulevard                           certain firearms is unlawful
Austin, Texas 78773                               under section 46.06 of the
                                                  Texas Penal Code.

Dear Colonel Speir:

You have asked whether a person may legally possess a machine gun, a short-barrel firearm or a firearm silencer in Texas if the federal government would register it, or alternatively, whether the relevant Texas statute, section 46.06 of the Penal Code, would place the possessor in "violation of the law," so that the federal government would have to deny registration.

Section 46.06 states that "a person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells: . . . (2) a machine gun; (3) a short-barrel firearm; (4) a firearm silencer . . . ." The statute qualifies this blanket proscription, however, by adding that:

> (c) It is a defense to prosecution under this
> section that the actor's possession was pursuant
> to registration pursuant to the National Firearms
> Act, as amended.

The term "pursuant to" means in accordance with, or in conformity with that which is referenced. 35A Words and Phrases, 336 (1963) and p. 28 (Supp. 1974). We believe the defense under 46.06(c) requires possession to be in conformity with and in accordance with all requirements of the National Firearms Act, including registration.

The National Firearms Act, 26 U.S.C. §§5801 et seq., regulates gangster-type weapons such as machineguns, sawed-off shotguns, short-barreled rifles and silencers. See Committee and Conference Reports on Gun Control Act of 1968, U.S. Code Cong. and Admin. News, 4410, 4434 (1968). Under the Act, only possessors who lawfully make, manufacture, or import firearms can and must register them; the transferee does not and cannot register. It is unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. United States v. Freed, 401 U.S. 601, 603-604 (1971).

Registration under the Act is governed by 26 U.S.C. section 5812(a) which details the procedures which must be followed for an authorized transfer of a firearm covered by the Act. The statute provides that an application by a transferor for transfer must "be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law."

It is unlawful under federal law for a licensed manufacturer, importer, dealer or collector to sell or deliver to any person a machinegun, short-barreled shotgun or short-barreled rifle except as specifically authorized by the Secretary of the Treasury consistent with public safety and necessity. 18 U.S.C. §922(b)(4); 26 C.F.R. §178.98. Transactions between licensed manufacturers, importers, dealers or collectors are excepted from this prohibition. 18 U.S.C. §922(b). The Secretary of the Treasury is authorized to permit this type of weapon to be transferred for certain purposes such as scientific or research purposes. See 18 U.S.C. §925(d)(1); 26 U.S.C. §5844. The Secretary may permit the importation of unserviceable firearms, other than machineguns, as curios or museum pieces. 18 U.S.C. §925(d)(2).

A proposed transferee who aids, abets, induces or procures a violation of an offense such as 18 U.S.C. §922(b)(2) is punishable as a principal (18 U.S.C. §2) or as a conspirator in connection with that offense. (18 U.S.C. §371). Thus, a transfer to a person other than a licensed manufacturer, importer, dealer or collector can be registered and made without placing the transferee in violation of federal law only if there is a specific authorization by the Secretary of the Treasury that the transfer is consistent with public safety and necessity.

Regulations issued concerning registration and transfer of machine-guns, etc., require proposed transfers to individuals to be accompanied by "a certificate of the local chief of police, sheriff of the county, U.S. attorney, U.S. marshall or such other person whose certificate may in a particular case be acceptable to the Director certifying . . . that he has no information indicating that the receipt or possession of the firearm would place the trensferee in violation of State or local law or that the transferee will use the firearm for other than lawful purposes." 26 C.F.R. §179.85.

We believe that such a certificate could properly be made by a law enforcement official concerning Texas law if the proposed transferee has obtained a specific  determination and authorization by the Secretary of Treasury that there exists a public necessity for the transfer and that the transfer would be consistent with public safety.  See 18 U. S. C. § 922 (b)(4).

Both the Texas and federal statutes effectively prohibit the possession of machineguns, short-barreled shotguns, short-barreled rifles and silencers by all but military forces, law enforcement agencies, museums, and licensed and registered manufacturers, importers and dealers whose ultimate customers are authorized to possess such weapons. We believe the defense provided in Texas Penal Code section 46.06(c) was intended to defer to the federal government's determination of necessity in those instances where possession of such weapons is related to and in furtherance of valid military, law enforcement, scientific or museum usage.

Our answer to your question is that Texas Penal Code section 46.06 prohibits possession of a machinegun, short-barreled firearm or firearm silencer and that such possession would be in violation of state law except where the Secretary of the Treasury makes an affirmative determination that possession is a public necessity, thus permitting the weapon to be registered pursuant to the National Firearms Act, 26 U.S.C. § 5812.

SUMMARY

In the absence of a specified defense, the Texas Penal Code prohibits possession of a machinegun,

short-barreled firearm or firearm silencer.
The defense provided in Penal Code section
46.06(c) for possession of such weapons when
registered pursuant to the National Firearms
Act permits legal possession upon an affirma-
tive determination by federal authorities that
possession is a public necessity and consistent
with public safety.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg